EULOGIO SOSA JIMÉNEZ ET ALS., Plaintiffs and Appellees, *v.* RAFAEL CABÁN PEÑA, MAYOR OF THE MUNICIPALITY OF AGUADILLA, Defendant and Appellant.

No. 10416. Argued November 5, 1951.—Decided November 26, 1951.

*Amadeo Nazario Janer* for appellant. *José Veray, Jr.,* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On July 21, 1950, Eulogio Sosa Jiménez and others instituted a certiorari proceeding under § 83 of Act No. 53 of

April 28, 1928 (Sess. Laws, pp. 334, 398),[1] in the District Court of Puerto Rico, Aguadilla Section, against Rafael Cabán Peña, as Mayor of said town. They alleged in their amended petition filed on August 7 following, that on June 7 of that same year the defendant, in his stated capacity, drafted and signed a resolution providing for a call for bids for the collection of excises from the Market Place without having been previously authorized by the Municipal Assembly; that such action by the respondent is illegal and contrary to the provisions of the municipal law in force, since it is the Assembly which has power to lease municipal real property; that said resolution, instead of being adopted by the board of awards, was adopted by the mayor himself, who submitted it to the Municipal Assembly in a meeting called for this purpose on July 21, and on that day the Assembly issued by a majority a resolution declaring void the call for bids, for the reason that it took place in violation of the provisions of the act, respondent's action in connection therewith and the award of the contract to Gabriel Rodríguez Soto being therefore null and void, as well as the collecting of rents by Rodríguez Soto from the petitioners as sublessees of stands in the Market Place, inasmuch as Rodríguez Soto charges rent in violation of Excise Ordinance No. 14 of 1923; that the petitioners have required the defendant to abstain from enforcing the collection of excises from the Market Place by virtue of the aforesaid lease and that the respondent has refused and has, on the contrary, authorized Gabriel Rodríguez Soto to keep on charging petitioners unfair, unreasonable and oppressive sums of money. In the prayer of the petition a writ of certiorari is applied

---

[1] Section 83 of Act No. 53 of 1928 provides insofar as pertinent here:

"That on motion of the aggrieved party, the district court shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the . . . mayor . . . which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Porto Rico."

for to review respondent's action in regard to the facts set forth and it is prayed that the respondent be ordered to send up for review every document he may have in connection with the aforesaid call for bids.

.The respondent answered accepting some of the facts of the petition, denying the essential ones, among these that to the effect that the stands in the Market Place are subleased and that rents which are contrary to law are being charged for the use thereof; and alleging that he had called twice the Assembly to a special meeting in order to submit to its consideration the matter of the lease of the Market Place, and that there had been no quorum present on either occasion; that he called the Assembly for a third time for the same purpose and that at that time the Assembly by a 6-to-5 vote decided to disapprove and reject the resolution of the board of awards; that said rejection took place after the instant case was filed; that at present the stands in the Market Place are not subleased and that no rents contrary to law are being charged for the use thereof.

Upon the proceeding being submitted to the lower court on the basis of a stipulation signed by the parties and of certain documentary evidence, the court rendered judgment supported by a lengthy "statement of facts, conclusions and opinion" granting the petition and declaring null and void the contract by virtue of which the building and annexes of the Market Place of Aguadilla were leased to Gabriel Rodríguez, with costs to the respondent. Feeling aggrieved, the latter appealed and now claims that the trial court erred in holding that the petitioners proved that they were sublessees; in holding that an action of nullity of contract in favor of the petitioners arose from the findings; in granting the petition for certiorari and declaring the contract null and void; and in ordering him to pay the costs.

██ Appellant is correct. As we have pointed out, the case was submitted to the consideration of the lower court

for decision on the basis of a stipulation and of documentary evidence. The stipulation contains the following:

### "QUESTIONS OF FACT

"(*a*) On June 7, 1950, and without any previous agreement by the Municipal Assembly, the respondent Rafael Cabán Peña, Mayor of Aguadilla, drafted and adopted a resolution pursuant to the provisions of § 38 of the Municipal Law for the lease of the Market Place of Aguadilla, its dependencies and annexes, by means of a public call for bids, setting the 24th of that same month and year for the award of the contract.

"(*b*) On June 24, 1950, the Board of Awards, composed of the Mayor, Mr. Rafael Cabán Peña, and the Municipal Auditor, Mr. Pedro Duprey, met, and in compliance with the requirements of the aforesaid § 38 of the Municipal Law, the contract was awarded to Mr. Gabriel Rodríguez Soto.

"(*c*) That the minutes of the action taken by the board of awards on June 24, 1950, were drawn and said action was notified to the Hon. Municipal Assembly of Aguadilla on June 29, 1950, in order that said body take the proper action.

"(*d*) That prior to the signing of any contract between the Municipality and the bidder, Mr. Gabriel Rodríguez Soto, the Hon. Mayor called the Municipal Assembly to a special session for it to take the pertinent action in connection with the award of the contract.

"(*e*) That the Municipal Assembly having taken no action in either sense with respect to the approval or rejection of the action taken by the board of awards, Messrs. Rafael Cabán Peña and Pedro Duprey, in their respective capacities as Mayor-Treasurer-School Director and Secretary-Auditor of the Municipality of Aguadilla, leased to Mr. Gabriel Rodríguez Soto the stands which make up the Municipal Market Place building, including all its annexes, for a yearly rental of $11,004 payable monthly.

"(*f*) That on June 27, 1950, the Hon. Mayor, Rafael Cabán Peña, convoked each and every member of the Municipal Assembly to a special meeting to be held on the 29th of the same month and year to discuss, among other businesses, the following: Ratification of the bidding sponsored by the Administrative Board on June 24, 1950, for the collection of excises Market Place, for the fiscal year 1950–51. That on June 29 the roll of the Municipal Assembly was called and there was no quorum

present, for which reason this matter could not be considered on said date.

"(g) That on July 10, 1950, the respondent Mayor convoked each and every member of the Municipal Assembly to a special session to be held on the 12th of that same month and year in order to discuss, among other matters, those referred to in the paragraph next preceding. That July 12, 1950, came and when the Secretary of the Municipal Assembly called the roll, there was no quorum in the Municipal Assembly either, for which reason discussion of the subject matter involved in the call was not possible.

"(h) On July 19, 1950, the respondent Mayor sent a new notice of special meeting to the Municipal Assembly in order to discuss and decide the same business involved in the notices of meetings which should have been but were not held on June 29 and July 12, 1950. That July 21 came and after the contract with the bidder, Mr. Gabriel Rodríguez Soto, was signed, a quorum was obtained in the Municipal Assembly and the latter, by a six-to-five vote, rejected the entire procedure followed in the matter of the bids by the Hon. Mayor and by the board of awards, on the ground that § 26 of the Municipal Act in force had been violated.

"(i) That subsequent to the filing of judicial proceedings. in these cases, the successful bidder, Mr. Gabriel Rodríguez Soto, addressed the Mayor in writing, on July 29, 1950, expressing his wish to rescind the contract entered into between him and the Municipality of Aguadilla, dated June 30, 1950, in connection with the Market Place and its annexes. That from July 30, 1950, and until the present time, the Municipality has been managing directly the Market Place, its stands and annexes, collecting the rentals, pursuant to the provisions of Municipal Ordinance No. 14 of 1923, subsequently amended.

"(j) In view of this action of the successful bidder, and on July 31, the Hon. Mayor sent a notice of special meeting to the Municipal Assembly of Aguadilla in order that it determine the action that should be taken as to the manner in which the Market Place of Aguadilla will be operated."

The parties also stipulated therein certain "Questions of Law" which need not be set forth.

The documentary evidence consisted in the resolution adopted by the mayor providing for a call for bids for the

collection of excises from the Market Place; the announcement calling for bids; the publication of an edict in a newspaper of this city; Gabriel Rodríguez Soto's bid; the minutes of the bidding; a copy of ordinance number 14 for the levying of excise taxes; the Assembly calls of June 27, 1950, and July 10, 1950, respectively, and other documentary evidence of a similar nature.

There is no showing either from the stipulation or from the documents filed, however, that the petitioners are an "aggrieved party." Because of the lack of evidence to that effect the petition should have been dismissed, inasmuch as § 83, *supra*, specifically provides that "on motion of the aggrieved party, the district court shall have jurisdiction." This is a provision which must be restrictively construed, and which for the purposes of a proceeding such as the one filed here constitutes a requisite *sine qua non*. See *Santiago* v. *Municipal Assembly*, 57 P.R.R. 118, 123. In the absence of such a showing the lower court should have dismissed the petition.

■ On the other hand, from the very stipulation signed by the parties it appears, clearly and emphatically, "That from July 30, 1950, and until the present time, the Municipality has been managing directly the Market Place, its stands and annexes, collecting the rentals, pursuant to the provisions of Municipal Ordinance No. 14 of 1923, subsequently amended." Therefore, on August 8, 1950, on which date the case was heard, as well as on the 22d of that same month, on which date judgment was entered, the lease contract entered into between Rodríguez Soto and the respondent Mayor failed to have any effect, inasmuch as, since July 30, the municipality had been and was directly managing the Market Place involved in said contract. For the purposes of this appeal, the fact that respondent's resolution, the award of the contract to Rodríguez Soto and the contract subsequently entered with him, were declared void,

served no useful purpose. A decision annulling all those acts or procedures lacked efficacy and was altogether academic.

The judgment appealed from will be reversed and the petition for certiorari dismissed, with costs to the petitioners.